[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13703
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01425-JA-GJK


CRYSTAL COLEMAN,

Plaintiff - Appellant,

versus

CIRCLE K. STORES, INC., et al.,

Defendants,

CONSTITUTION STATE SERVICES, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 24, 2013)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Crystal Coleman appeals the district court's grant of summary judgment in favor of Constitution State Services, LLC, (CSS) on her malicious prosecution claim. After careful review, we affirm.[1]

While working for Circle K. Stores, Inc., (Circle K) on June 28, 2006, Coleman injured her back. She filed a worker's compensation claim and received benefits until October 25, 2006, when her treating physicians concluded she had reached maximum medical improvement. Coleman then filed a petition in state court for additional benefits. In connection with this petition, Coleman stated she had never had any serious prior lower-back problems. CSS received a portion of Coleman's medical records, however, which revealed that she had previously complained of, and sought treatment for, lower-back pain on numerous occasions. Based on this inconsistency, CSS referred Coleman's case to the Florida Department of Financial Services (DFS). DFS investigated and concluded there was probable cause to believe Coleman made false, fraudulent, and misleading statements for the purpose of obtaining workers' compensation benefits, in violation of Florida law. *See* Fla. Stat. § 440.105(4)(b). Coleman was charged with theft and workers' compensation fraud but acquitted in state court.

---

[1] We issued a jurisdictional question in this case and ordered Coleman to amend her complaint to properly plead citizenship of the parties. *See* 28 U.S.C. § 1653. After review of the amended complaint and CSS's response to the jurisdictional question, we conclude we have subject matter jurisdiction.

2

Coleman then sued CSS and Circle K for malicious prosecution.[2]  The district court rendered summary judgment in favor of CSS, concluding CSS had probable cause to refer Coleman's case to DFS.  This is Coleman's appeal.

"We review a trial court's grant of a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party."  *Sims v. MVM, Inc.*, 704 F.3d 1327, 1330 n.2 (11th Cir. 2013).  The movant bears the initial burden to demonstrate that there are no disputed material facts and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To survive summary judgment, the nonmoving party must then "show that specific facts exist that raise a genuine issue for trial."  *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010).

To prevail in a malicious prosecution action, Coleman must establish, among other things, "that the criminal proceeding was initiated by [CSS] without probable cause, i.e., without a reasonable ground of suspicion . . . that [Coleman] is guilty of the offense with which [s]he is charged."  *Alterra Healthcare Corp. v. Campbell*, 78 So. 3d 595, 602 (Fla. Dist. Ct. App. 2011) (internal quotation marks omitted).  The district court found CSS was entitled to summary judgment because CSS had probable cause to refer Coleman's case to DFS.

---

[2] Coleman settled her claims with Circle K and they are not a part of this appeal.

We agree.  Coleman's statements that she had no previous lower-back problems were inconsistent with her medical history.  Specifically, Coleman stated in her deposition that she had only had minor pulled muscles in her lower back before the June 2006 injury.  On the intake form that she completed for the physician who treated her for the June 2006 accident, she also indicated that she had not had lower-back pain in the past.  But Coleman's medical records told a different story.  She sought treatment for significant lower-back pain from Dr. Barry Rose beginning in 1995 and culminating with a visit on June 20, 2006, less than one week before her work accident.

Coleman argues it was improper for CSS to rely on Dr. Rose's medical records because he later corrected them and CSS was aware of this correction prior to referring Coleman's case to DFS.  Dr. Rose testified, however, that his records were erroneous only as to one visit and that he had treated Coleman for lower-back pain on numerous occasions in the past.  Given these inconsistencies, CSS had probable cause to believe that Coleman had violated Florida law by making a false statement in connection with her worker's compensation claim.  *See Alterra*, 78 So. 3d at 595.  The district court therefore did not err in rendering summary judgment in CSS's favor.  *See id.*; *see also Dietz*, 598 F.3d at 815.

For the above reasons, the judgment of the district court is

**AFFIRMED.**

4